UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL CONTINI,
          Plaintiff,

-vs-                                        Case No. 6:06-cv-432-Orl-18UAM

UNITED TROPHY MFG., INC.,
          Defendant.
_____

# ORDER

THIS CAUSE comes before the Court on Defendant's Motion for Summary Judgment (Doc. 27, filed March 15, 2007), to which Plaintiff responded in opposition. (Doc. 31, filed April 4, 2007.) Plaintiff Daniel Contini ("Plaintiff") brings this action against Defendant United Trophy Manufacturing, Inc. ("Defendant" or "United Trophy") alleging one count of unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). After reviewing the motions and memoranda filed in this case, the Court grants Defendant's Motion for Summary Judgment.[1]

## I. FACTUAL BACKGROUND

Plaintiff was an hourly-paid employee of Defendant from either the end of 2002 or the beginning of 2003 through September 2005. (Pl.'s Dep. 6:11-13; Levy[2] Dep. 8:10-19.)

---

[1] In the alternative, Defendant asked this Court to dismiss the case for fraud on the Court. In light of this Order, in which Summary Judgment is granted to Defendant, the Court finds no need to address the alternative motion.

[2] Sydney Levy has been President of United Trophy since 1968. (Levy Dep. 5:17-24.) In Levy's deposition, he testified that Plaintiff's start date was March 10, 2003. Whether Plaintiff began his employment in either late 2002 (as his deposition indicates) or early 2003 is irrelevant to this

Plaintiff's first, and only, position in his time working for Defendant was as an engraver. (Pl.'s Dep. 7:13-14.) Every hourly-paid employee, including Plaintiff, clocked in when he or she arrived at work, and clocked out when he or she left work. (Pl.'s Dep. 7:19-23.) United Trophy's time clock policy was one which automatically rounded the hours that an employee worked (*i.e.*, if an employee clocked in up to seven minutes late, the clock went back to the nearest quarter-hour; likewise, if an employee left up to seven minutes early, the clock went ahead to the next quarter-hour). (Levy Dep. 11:3-15.) Furthermore, it was company policy (in written handbooks) that an employee was not allowed to punch in more than seven minutes before their scheduled time. (Levy Dep. 11:16-24.) Plaintiff was aware of the company rounding policy for the entirety of his employment with Defendant. (Pl.'s Dep. 15:10-17.) Plaintiff also testified that he believed Defendant had a policy "that if you accumulate ten minutes of tardies during a week, two minutes a day, they'll dock you fifteen minutes." (Pl.'s Dep. 15:2-4.) Plaintiff's supervisor, Karen Boney, testified that, while Defendant did circulate a memorandum stating that this policy would be put in effect, it was never actually adopted or enforced. (Boney Aff. 2.) Additionally, Plaintiff was never asked to "work off the clock." (Pl.'s Dep. 9:9-11.) Plaintiff, however, asserts that he should be paid for the rounding errors over the course of his employment.

Plaintiff stated in his answer to a Court-ordered interrogatory that he "typically worked Monday through Friday from approximately 8:30a.m. until between 6:00p.m. and 7:00p.m." (Pl.'s Resp. to Court's Interrog. # 3.) However, Plaintiff acknowledged in his deposition

Court's decision.

testimony that his clock-out time was "generally speaking ... 5:30," and that it was inaccurate that he typically worked until 6 or 7 at night. (Pl.'s Dep. 11:3-11.) The policy at United Trophy was that any time worked above forty hours a week had to be approved by a supervisor and signed off on the employee's time card. (Levy Dep. 25:16-26:14.) Plaintiff was aware of this overtime policy throughout his employment period. (Pl.'s Dep. 12:18-13:1.) According to Plaintiff's time cards, admitted to the Court as evidence, on days Plaintiff did work extra hours, he was compensated with overtime pay. Plaintiff testified, however, that he did not know how many times he worked overtime without being paid. (Pl.'s Dep. 16:19-22.) Plaintiff further testified that "the general issue [in the lawsuit] was the two hours" that he was not paid for in August 2005. (Pl.'s Dep. 17:23-24.) In August 2005, approximately two to three weeks before Plaintiff's last day, he worked two hours of overtime which was never paid—this fact is not disputed by either party. Plaintiff acknowledged that the overtime was denied "[b]ecause I didn't get my card initialed." (Pl.'s Dep. 18:7-8.) Plaintiff further acknowledged that he never asked Boney to initial the overtime card. (Pl.'s Dep. 18:9-10; 19:23-20:4.) Plaintiff also stated that Boney would have "absolutely" signed the time card if Plaintiff had asked her. (Pl.'s Dep. 20:6-8.) Finally, Plaintiff testified that he ended up quitting over this incident—the two hours of unpaid overtime:

>Q: You ended up quitting over this incident over two hours?
>A: Yes.

(Pl.'s Dep. 20:16-18.)

Plaintiff also asserts that he often took less than the allotted 45 minutes for lunch in order to continue working, and that for this time he should be compensated as well. (Pl.'s Dep. 14:14-19.) Plaintiff asserts that because he only took approximately 30 minutes for lunch, he should be paid for the 15 minutes extra that he worked every day as a result. (Pl.'s Dep. 14:3-9.)

Plaintiff has asked for a total of $17,901.00 plus reasonable attorneys' fees and costs. (Pl.'s Resp. to Court's Interrog. # 6(e).) This total is broken down to $8,950.50 in overtime compensation plus an additional $8,950.50 in liquidated damages. (Pl.'s Resp. to Court's Interrog. # 6(e).)

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the

underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Analysis of FLSA Claim

"Generally, employers are required to pay employees overtime for hours worked in excess of forty hours per week." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1254 (11th Cir. 2001). The FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Plaintiff asserts that he is owed hundreds of hours of unpaid overtime compensation in this suit. However, as has been made clear in Plaintiff's deposition testimony,

there is only an actual dispute over two hours of unpaid overtime, which Plaintiff never attempted to have approved by his supervisor.

"An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur." Gaylord v. Miami-Dade County, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999). Furthermore, "where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer . . . of the overtime work, the employer's failure to pay for the overtime hours is *not* a violation of" the FLSA. Harvill v. Westward Commc'ns, LLC, 311 F. Supp. 2d 573, 583 (E.D. Tex. 2004). Therefore, where an employee seeks to recover unpaid wages for overtime hours that the employee did not record on his time sheets, the employee must prove that the employer had actual or constructive knowledge of that overtime. Bailey v. County of Georgetown, 94 F.3d 152, 157 (4th Cir. 1996).

Plaintiff has testified that he could have, but chose not to, ask his supervisor for the two hours of overtime pay which he was owed. Plaintiff has also testified that he was always paid overtime when he indicated on his time sheet the hours that he had worked. In this situation, Plaintiff did not follow the company's rules for being granted overtime and, as a result, Defendant had no knowledge that Plaintiff was owed two hours of overtime compensation. This Court will not grant Plaintiff relief for his two hours of unpaid overtime when it was his decision not to ask for the pay in the first place. Defendant's failure to pay for this minimal amount of overtime is not a violation of the FLSA.

Plaintiff also brings up two other issues regarding overtime before this Court. Plaintiff asserts that he is owed overtime pay for the extra 15 minutes he worked every lunch period, as well as the extra time he sometimes worked when he clocked in early before his shift, or clocked out late after his shift. This Court views these assertions as unfounded because Plaintiff knew the policies of Defendant when he began his employment. Defendant, throughout Plaintiff's employment, had a consistent policy as to the rounding of clocking-in and clocking-out, which is both fair and evenly applied to all employees. In addition, Plaintiff's decision to not take his full 45-minute lunch break is not a sufficient reason for him to be compensated for an additional 15 minutes of work.

To buttress this decision, this Court briefly addresses the *de minimis* rule of overtime compensation under the FLSA. In short, "an employer is not required to pay employees for otherwise compensable activities if the time spent performing those activities is *de minimis*." Burton v. Hillsborough County, 181 F. App'x 829, 833 (11th Cir. 2006); see also Gaylord, 78 F. Supp. 2d at 1325 ("Under the *de minimis* doctrine, brief periods of off-duty time spent working are deemed *de minimis* and therefore not compensable."). The few minutes before or after work that Plaintiff may have spent working is considered by this Court to be *de minimis*, and is therefore not compensable under the FLSA. The time clock rounding was equally applied to all Defendant's employees, and worked both to the benefit and detriment of the employees (*i.e.*, you could gain or lose up to 7 minutes of time), and therefore is not a violation of the FLSA.

Defendant has not violated the FLSA in its failure to pay the overtime demanded by Plaintiff. Summary judgment is therefore granted.

### C. Sanctions for Filing Suit

Federal Rule of Civil Procedure 11 requires a good faith investigation before suit is filed. In addition, 28 U.S.C. § 1927 allows that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiff's counsel has clearly violated these provisions in continuing to pursue this case before this Court.

The original complaint was filed on April 6, 2006. On June 14, 2006, Plaintiff filed his answer to the Court's Interrogatories, which indicated that "there were occasions [Plaintiff] worked overtime and it was approved by [his] supervisor, but [his] supervisor forgot to initial [the] time card." (Pl.'s Resp. to Court's Interrog. # 6(d).) In addition, as stated earlier, Plaintiff stated that he "typically worked Monday through Friday from approximately 8:30a.m. until between 6:00p.m. and 7:00p.m." (Pl.'s Resp. to Court's Interrog. # 3.) Plaintiff, in his deposition taken on February 13, 2007, contradicted both these claims (there was only one occasion which Plaintiff's supervisor failed to initial his time card for overtime, and that was because Plaintiff did not ask her to do so; Plaintiff rarely worked past 5:30p.m.). Continuing to litigate this case after learning these facts, as well as failing to learn these facts before filing the Complaint, are grounds for sanctions.

As a result, under both Rule 11 and 28 U.S.C. § 1927, this Court awards attorneys' fees, to be paid by Plaintiff's attorneys, to Defendant. Defendant is instructed to file the appropriate motion regarding an award of attorneys' fees with the Court.

### III. SUMMARY

For the foregoing reasons, Defendant United Trophy Manufacturing, Inc.'s Motion for Summary Judgment is **GRANTED**. Defendant is also **AWARDED ATTORNEYS' FEES**, to be paid by Plaintiff's attorneys. Defendant is instructed to file the appropriate motion regarding attorney's fees with the Court. Any other pending motions in this case are **DENIED AS MOOT**. The Clerk of the Court is **DIRECTED TO ENTER JUDGMENT** and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of June, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties